### SOUTH MIAMI COACH LINES, Inc. v. CITY OF MIAMI, et al.

Circuit Court, Dade County.
April 27, 1951.

H. H. Eyles, Franks & Gordon, and Alan S. Boyd of Smathers, Thompson, Maxwell & Dyer, all of Miami, for plaintiff.

John W. Prunty, Yonge, Whiteside & Prunty, Miami, for City of Miami.

Worley & Gautier, Miami, for Miami Transit Co.

CHARLES A. CARROLL, Circuit Judge.

This cause came on for trial and final hearing before the court, and evidence was submitted in the form of a stipulation of facts and documents, and arguments of counsel were heard.

Whereupon it is found, ordered, adjudged and decreed as follows:

This court has jurisdiction of the parties and subject matter of this suit.

The plaintiff's motion to strike portions of the answer of the defendant city, ruling on which was reserved until final hearing, is denied.

Under existing ordinances and certificates affecting its opereration, plaintiff is entitled to pick up and discharge passengers within the corporate limits of the city of Miami upon its designated routes.

Plaintiff's initial application in 1936 included a request for that privilege. The city's resolution 12215, of January 20, 1937, granted that application, and made no condition or exception as to such items. There were applications for amended certificates later, but those were concerned with additions to equipment and facilities and did not raise or involve the question of picking up or discharging passengers in the city.

Acting on its initial authority, the plaintiff, operating transportation buses from South Miami into downtown Miami, has followed the practice of picking up and discharging passengers for thirteen or fourteen years. The city has been collecting taxes from the bus line measured on its manner and extent of operation in the city.

The failure of the officials to challenge the practice during all those years (until 1950) favors the plaintiff's contention to the limited extent that an administrative construction is of weight or assistance on a matter which a court is called upon to construe.

On October 9, 1950 the city of Miami, through a letter written by the city manager to the plaintiff, sought to limit or amend the plaintiff's certificate, by advising the plaintiff that the city attorney had ruled that plaintiff was not entitled to pick up or discharge passengers within the city and must cease such practice.

Chapter 55 of the city charter is designated as the Traffic and Vehicular Code. Section 213 of that chapter, in its final paragraph, states that certificates will remain in force until revoked in whole or in part by the commission, but that every certificate may be altered, suspended or revoked by the commission if good cause is shown "after due notice has been given to the holder of said certificate and said holder has been given an opportunity to be heard".

As this court has construed the plaintiff's certificate or original authority to operate as having included the right to take on and discharge passengers within the city, and as what the city is attempting to do would be a substantial limitation or amendment or alteration of the certificate, it is clear that under the city's charter it may do so only if good cause is shown, such as a change of condition or circumstances necessarily prompting or requiring such action, or for other sound reasons, through due process of law—by giving the certificate holder notice and an opportunity to be heard. This decree is without prejudice to the city to proceed in the matter as it is authorized under the charter provision just above referred to.